UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-22-BO

| | |
|---|---|
| BATE LAND COMPANY, LP, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>BATE LAND & TIMBER, LLC, )<br>)<br>Appellee. ) | **ORDER** |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This matter is before the Court on Bate Land Company's motion for leave to appeal [DE 1]. For the reasons stated herein, the motion for leave is GRANTED.

## BACKGROUND

On July 26, 2013, Bate Land & Timber, debtor, filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. Prior to the petition date, debtor and Bate Land Company (BLC) had executed an agreement for purchase and sale of non-residential real property, under which debtor purchased seventy-nine tracts of real property totaling roughly 17,000 acres in nine counties in eastern North Carolina for $65,000,000. Debtor was required to pay $9,000,000 of the purchase price at the closing, and thereafter debtor executed a purchase money promissory note in the original principal amount of $56,000,000 with interest accruing at the rate of 9% per annum. Repayment was secured by purchase money deeds of trust sold to the debtor under the purchase contract.

Under debtor's Amended Chapter 11 plan of reorganization, debtor proposed to treat BLC as secured in an amount equal to the outstanding principal and interest due as of the petition date, plus costs and expenses as approved by the bankruptcy court under 11 U.S.C. § 506(c), less any postpetition payments. Debtor's amended plan further proposed that, based upon the bankruptcy court's valuation of ten properties located in Pamlico, Beaufort, Craven, Jones, Brunswick, and Pender counties, debtor would elect either to surrender some or all of the properties in full or partial satisfaction of the remaining balance due to BLC and/or pay the remaining balance based on a twenty year amortization with interest. If debtor elects to repay the remaining balance due over time, the amended plan permits debtor to sell any of the properties encumbered by BLC's liens in any size increment, pay a release fee to BLC of 70% of the net sales proceeds, and permit debtor to cut and harvest timber designated as development tracts while remitting 50% of the gross timber sale proceeds to BLC.

BLC filed its objection to the debtor's amended plan of reorganization, and the bankruptcy court heard evidence and arguments presented in support of and against the reorganization plan between November 2013 and May 2014. On January 15, 2015, the bankruptcy court entered an order holding that debtor had satisfied the requirements of 11 U.S.C. § 1129(a), setting the fair market value of two tracts of land – the Broad Creek and Bay-River/Smith Creek tracts, and determining that the amount of the secured claim of BLC is between $14,931,823.06 and $15,411,284.12. [DE 1-1]. The bankruptcy court further ordered that it could not determine whether the amended plan complies with 11 U.S.C. § 1129(b) until debtor identifies additional tracts to surrender and/or opts to amortize the remaining amount of the secured claim of BLC, and that a hearing would be scheduled to determine the amount of BLC's secured claim. *Id.*

2

BLC seeks leave to appeal the bankruptcy's court's January 15, 2015, order.

## DISCUSSION

District courts have jurisdiction to "hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . .." 28 U.S. § 158(a). Due to the nature of bankruptcy proceedings, the concept of finality for purposes of appellate jurisdiction is somewhat flexible, allowing any order which "finally dispose[s] of discrete disputes within the larger case" to be immediately appealed. *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir.1983)). Interlocutory orders are "those bankruptcy court orders that are provisional in nature and subject to revision . . .." *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013).

Though the entire Chapter 11 plan in this matter has not been confirmed or disallowed, the bankruptcy court has finally disposed of discrete issues, namely the value of two tracts of land and whether the amended plan, as proposed, complies with 11 U.S.C. § 1129(a). While the bankruptcy court's order provides for further hearing on and consideration of the actual amount of BLC's secured claim and whether the amended plan conforms with 11 U.S.C. § 1129(b), it does not contemplate a revision or revisiting of its holding on the valuation of the land tracts or the amended plan's conformance with 11 U.S.C. § 1129(a). Moreover, a determination of the value of properties encumbered by BLC's deed of trust is central to the treatment of its secured claim and its interest in the collateral. For these reasons, the Court holds that in this circumstance and in light of the nature of the amended Chapter 11 plan subject to approval, "the postponing of review by the district court . . . of discrete issues could result in the waste of valuable time and already scarce resources," *McDow v. Dudley*, 662 F.3d 284, 287 (4th Cir.

3

2011), and that a finding that the January 15, 2015, bankruptcy order is a final, appealable order is appropriate.

## **CONCLUSION**

Accordingly, the motion for leave to appeal [DE 3] is GRANTED. In light of the foregoing, the motion to dismiss [DE 11] is DENIED.

SO ORDERED, this the _26_ day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE